**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE**

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | No. 80936-9-I |
| | ) | |
| B.T.-M., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

PER CURIAM — B.T.-M. appeals a 14-day involuntary commitment order.  She contends, and the State concedes, that the order must be vacated because the court did not adequately advise her how the order would impact her right to possess firearms, as required by RCW 71.05.240(2).[1]  See Matter of Det. of T.C., 11 Wn. App. 2d 51, 66, 450 P.3d 1230 (2019).  We accept the State's concession, and reverse and remand for the trial court to vacate the commitment order.

Reversed and remanded.

_Leach, J._

WE CONCUR:

_Verellen, J._       _Appelwick, J._

---

[1] RCW 71.05.240(2) provides:
If the petition is for mental health treatment, the court or the prosecutor at the time of the probable cause hearing and before an order of commitment is entered shall inform the person both orally and in writing that the failure to make a good faith effort to seek voluntary treatment as provided in RCW 71.05.230 will result in the loss of his or her firearm rights if the person is subsequently detained for involuntary treatment under this section.

Citations and pin cites are based on the Westlaw online version of the cited material.